As heretofore mentioned, at the police station, after having been given his *Miranda* warnings a second time, Defendant responded to several questions posed by Officer Brown in conjunction with filling out an alcohol influence report. *See* note 3, *supra.* After completing the alcohol influence report, Officer Brown testified, without objection, about an additional conversation Defendant had with him. In that conversation, Officer Brown recounted that Defendant "admitted that he was driving and he had been drinking and that there was nobody else with him."

■ Where, as here, a defendant's right to remain silent has been waived, all speech, or non-silence, by him may be admitted into evidence and remarked on. *White,* 941 S.W.2d at 580; *see also Anderson v. Charles,* 447 U.S. 404, 408, 100 S.Ct. 2180, 2182, 65 L.Ed.2d 222 (1980); *State v. Wilson,* 826 S.W.2d 79, 82 (Mo.App.1992).[7]

The prosecutor's cross-examination was based upon the differences between Defendant's earlier remarks to law enforcement officers, that he had been drinking and driving the night of his arrest, and his trial testimony that he drank only after he had wrecked his car. "[*Doyle* ] does not apply to cross-examination that merely inquires into prior inconsistent statements." *Anderson,* 447 U.S. at 408, 100 S.Ct. at 2182. "Such questioning makes no unfair use of silence because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent." *Id.; White,* 941 S.W.2d at 580. "Once a defendant's right to remain silent has been waived, all speech, or nonsilence, by him may be admitted into evidence and remarked on." *White,* 941 S.W.2d at 580 (citing *Tims,* 865 S.W.2d at 885); *see also Hendrix,* 675 S.W.2d at 922.

■ The credibility of witnesses and conflicts in testimony are questions for the jury to resolve. *State v. Brown,* 953 S.W.2d 133, 136 (Mo.App.1997).

Having carefully reviewed the entire record in this matter, this Court concludes that the trial court did not abuse its discretion in overruling Defendant's objection to the prosecutor's cross-examination. Point denied.

The judgment is affirmed.

MONTGOMERY, C.J., and SHRUM, J., concur.

Theron JONES, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 54700.

Missouri Court of Appeals,
Western District.

May 12, 1998.

Andrew A. Schroeder, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

Before HANNA, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

**Order**

PER CURIAM.

Theron Jones appeals from the judgment of the circuit court dismissing his *pro se* and

---

7. "[O]nce this right to remain silent has been waived, all speech, or non-silence, by a defendant may be admitted into evidence and remarked on." *State v. Tims,* 865 S.W.2d 881, 885 (Mo.App.1993). However, "[t]he waiver of this right may be revoked at any time, at which point a defendant's silence is again protected." *Id.* "A revocation of a defendant's waiver to his right to silence must be clearly made in order to be effective. It cannot be accomplished sporadically or incompletely." *Id.*

714

amended Rule 24.035 motions for postconviction relief as being time barred.

Affirmed. Rule 84.16(b).

---

**Adam Michael SHIELDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 54528.

Missouri Court of Appeals,
Western District.

May 12, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory L. Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and SPINDEN, JJ.

### ORDER

PER CURIAM.

Movant's Rule 24.035 motion was dismissed for filing out of time under Rule 24.035(b). Judgment affirmed. Rule 84.16(b).

---

**In the Interest of L.N.M., B.J.B., D.T.B., A.S.B., Minors.**

**JUVENILE OFFICER, Respondent,**

v.

**S.B. (Natural Mother) and B.W.J.B. (Natural Father), Appellants.**

Nos. WD 54431, WD 54469.

Missouri Court of Appeals,
Western District.

May 12, 1998.

Colly J. Durley, Columbia, guardian ad litem.

Elizabeth K. Magee, Columbia, for respondent.

Dewey L. Crepeau, Columbia, for Natural Mother.

Beverly S. Riordan, Columbia, for Natural Father.

Before HANNA, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

### Order

PER CURIAM.

S.B. appeals the judgment of the Circuit Court of Boone County terminating her parental rights to L.N.M., B.J.B., D.T.B. and A.S.B. for abuse and neglect pursuant to § 211.447.2(2). B.W.J.B. appeals the judgment of the Circuit Court of Boone County terminating his parental rights to B.J.B., D.T.B. and A.S.B. for abuse and neglect pursuant to § 211.447.2(2).

Affirmed. Rule 84.16(b).